UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>-against-<br><br>HECTOR MANUEL RAMOS,<br><br>                              Defendant. | 03-CR-0724 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

   Before the Court is Defendant Hector Ramos' pro se[1] motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), ((the "Motion"), dated Jan. 29, 2025 [dkt. no. 141]).  On June 9, 2025, the Government opposed the Motion, (Gov't Resp. [dkt. no. 147]).  On July 29, 2025, the Government received Defendant's reply, ("Reply," dated July 29, 2025 [dkt. no. 152].).  For the reasons set forth below, Defendant's Motion is DENIED.

I.  **Applicable Law**

   18 U.S.C. § 3582(c)(2) establishes a two-step inquiry.  "A court must first determine that a reduction is consistent with Section 1B1.10 [of the Guidelines Manuel] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.]

---

[1] Because Defendant is before the Court pro se, the Court will construe this motion liberally and as raising the strongest arguments it suggests.  Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

1

§ 3553(a)."  Dillon v. United States, 560 U.S. 817, 826 (2010). Application note 1(A) to Section 1B1.10 of the Guidelines Manuel states that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."  (U.S.S.G. § 1B1.10 Application Note 1(A).)

Part A of Amendment 821, which went into effect on November 1, 2023, amended § 4A1.1 (Criminal History Category) of the Guidelines to "limit the overall criminal history impact of 'status points'" given to defendants who "committed the instant offense while under any criminal justice sentence . . . ."  (U.S.S.G. § 1B1.10 Application Note 7.)  Section 4A1.1 (d) of the Guidelines previously stated, "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  (U.S.S.G. § 4A1.1 (d) (effective Nov. 2022).)  It was amended to be § 4A1.1 (e) and now states "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation,

2

parole, supervised release, imprisonment, work release, or escape status."  (U.S.S.G. § 4A1.1 (e).)

## II. Discussion

Defendant argues in his initial motion that he is eligible for a sentence reduction pursuant to Amendment 821, Part A.  (Mot. at 2.)  In Defendant's reply, he clarifies that he is "not seeking a reduction in sentence" but rather "seeking an adjustment to [his] criminal history points" for the purpose of being "eligible for incarceration at a low security prison where [he] will be afforded greater benefits, programs and opportunities to facilitate [his] matriculation back into society."  (Reply at 1.)

Amendment 821 is listed under § 1B1.1(d) and therefore is an amendment eligible for consideration.[2]  Thus, the question for the Court's consideration is whether the amendment lowers the applicable Guidelines range.

Originally, Defendant had a total of 15 criminal history points, which results in a criminal history category of VI.  (Original PSR ¶ 67.)[3]  After the application of Amendment 821, Defendant has 13 criminal history points, but his criminal history category remains unchanged at VI.  (Supplemental PSR at 2.)  The

---

[2] "As specified in subsection (d), the parts of Amendment 821 that are covered by this policy statement are Parts A and B, Subpart 1 only, subject to the special instruction at subsection (e)(2)."  (U.S.S.G. § 1B1.10 Application Note 7.)
[3] The original PSR can be found as an attachment to the Supplemental PSR, (dkt. no. 142).

3

supplemental PSR concluded that Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) given that "the Total Offense Level and Criminal History Category do not change as a result of these guideline amendments."  (Id. at 3.)  Because Defendant's Guideline range is unaffected by Amendment 821, he is not eligible for a sentence reduction.  See, e.g., United States v. Burton, No. 20 Cr. 397 (PGG), 2024 WL 4728491, at *2 (S.D.N.Y. Nov. 8, 2024).  Accordingly, Defendant's Motion is DENIED.

### III. Conclusion

For the reasons set forth above, Defendant's Motion is DENIED. In light of the fact that after the application of Amendment 821 Defendant has 13 criminal history points, the Bureau of Prisons shall evaluate whether Defendant is now eligible for the requested adjustment to his inmate security designation.

The Clerk of the Court shall close dkt. no. 141 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    New York, New York
          July 30, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge

4